**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4411**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

DETRICK DEVONE DAYE, a/k/a Carter,

                    Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Dever III, District Judge.  (7:18-cr-00060-D-1)

Submitted:  March 31, 2020                                      Decided:  April 15, 2020

Before RICHARDSON and QUATTLEBAUM, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Juval O. Scott, Federal Public Defender, Christine Madeleine Lee, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Roanoke, Virginia, for Appellant.  Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Detrick Devone Daye pled guilty, without a plea agreement, to one count of conspiracy to distribute and possess with intent to distribute heroin and fentanyl, in violation of 21 U.S.C. §§ 841(b)(1)(C), 846 (2018), six counts of distribution of heroin, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (2018), and one count of possession with intent to distribute heroin and fentanyl, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). The district court imposed a 162-month sentence, within Daye's Sentencing Guidelines range. Daye argues that his sentence is procedurally unreasonable. We affirm.

We review a criminal sentence "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). Under the *Gall* standard, a sentence is reviewed for both procedural and substantive reasonableness. *Id.* at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2018) factors, and sufficiently explained the selected sentence. *Id.* at 49-51. If a sentence is free of "significant procedural error," then we review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." *Id.* at 51. "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). "Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id.*

Daye's sole argument on appeal is that his sentence is procedurally unreasonable because, at his Fed. R. Crim. P. 11 hearing, the district court—as part of a lengthy

2

explanation of the plea process—announced that it would "impose the same punishment as if [Daye] had pleaded not guilty and been convicted by a jury." (J.A. 18).[*] Daye concedes that his Guidelines range was accurately calculated and acknowledges that he received a three-point reduction in his total offense level for his acceptance of responsibility, *see* U.S. Sentencing Guidelines Manual § 3E1.1 (2016), but maintains that the reduction was "nullified" by the district court's "express policy" of imposing the same punishment on guilty and not-guilty pleaders. (Appellant's Br. at 7-8). We cannot agree. First, "[a] defendant who enters a guilty plea is not entitled to an adjustment under [USSG § 3E1.1] as a matter of right." USSG § 3E1.1 cmt. n.3. Second, Daye cites no evidence in the record—and none exists—to support his contention that he did not receive the benefit of an acceptance of responsibility reduction. Without the three-level reduction in his total offense level for acceptance of responsibility, Daye's advisory Guidelines range would have been 210 to 262 months, instead of 151 to 188 months. USSG ch. 5, pt. A (sentencing table). Last, the district court's statement cannot be construed as anything more than an explanation that all convicted defendants, whether by guilty plea or trial by jury, are subject to the same sentencing process. Thus, we conclude that Daye's sentence is procedurally reasonable.

---

[*] "J.A." refers to the joint appendix filed by the parties in their appeal.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*